UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

February 24, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lyaundra C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3659-DRM

Dear Counsel:

On December 18, 2024, Plaintiff Lyaundra C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

### I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits ("DIB") and a Title XVI application for Supplemental Society Income Benefits ("SSI") on December 5, 2019, alleging a disability onset of September 6, 2019 in both applications. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 172-179. On September 21, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 14-37. Following the hearing, on December 14, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-37. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on December 18, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Lyaundra C. v. Frank Bisignano*
Civil No. 24-3659-DRM
February 24, 2026
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since September 6, 2019, the amended alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine with a lumbar disc herniation at the L5-S1 levels with post-laminectomy syndrome; seizures; irritable bowel syndrome; migraine headaches; asthma; intermittent explosive disorder; and major depressive disorder." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21-24. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is capable of standing and/or walking no more than four hours in an eight-hour work day; never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl; must avoid concentrated exposure to extreme cold and extreme heat; and must avoid all exposure to any hazards, such as dangerous moving machinery and unprotected heights, but is not capable of commercial driving. The claimant is capable of simple, routine, and repetitive tasks, in a low-stress job, defined as having only occasional decision making required, occasional changes in the work setting, and no fast-paced production requirements, such as fast-paced assembly line work or high-volume piecemeal quotas. The claimant is capable of no more than occasional interaction with the general public, co-workers, and supervisors. She must be afforded the opportunity for brief, five-to-ten-minute changes of positions at intervals not to exceed one hour without being off task.

Tr. 24-25. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy, such as office helper, retail stock clerk, and mail clerk. Tr. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

*Lyaundra C. v. Frank Bisignano*
Civil No. 24-3659-DRM
February 24, 2026
Page 3

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC and step-five findings are unsupported by substantial evidence because the ALJ posed an inadequate hypothetical to the vocational expert ("VE"). ECF No. 11 at 8. Plaintiff contends that the ALJ included a limitation to work with "no fast-paced production requirements" without defining the phrase, which is not addressed in the regulations or the DOT, and that the ALJ's brief examples (i.e. "such as fast-paced assembly line work or high-volume piecemeal quotas") did not clarify its scope. *Id.* at 8-14. Plaintiff also asserts that undefined production-pace restrictions prevent meaningful review and undermine the reliability of the VE's testimony. As a result, Plaintiff maintains that the Commissioner failed to meet the step-five burden, and remand is warranted. *Id.*

In response, the Commissioner contends that the ALJ's RFC and step-five findings are supported by substantial evidence because the ALJ adequately explained the limitation to "no fast-paced production requirements." ECF No. 13 at 6. According to the Commissioner, the ALJ supplied sufficient context by providing examples, i.e. fast-paced assembly-line work and high-volume piecemeal quotas, and a limitation within broader restrictions to simple, routine tasks, simple decisions, and few workplace changes. *Id.* The Commissioner further contends that the ALJ's discussion of Plaintiff's mental-health records, activities, and the persuasive state-agency opinions demonstrates a reasonable "logical bridge," and that Plaintiff has not shown she cannot perform the non-production-oriented work identified at step five. *Id.* at 14.

The Court concludes that the ALJ's decision is not supported by substantial evidence at step five. Courts look "to an existing administrative record and [ask] whether it contains 'sufficient evidence' to support the agency's factual determinations" when reviewing for substantial evidence. *Trena Sue Y. v. Kijakazi*, No. DLB-20-1075, 2021 WL 4034264, at *2 (D. Md. Sept. 3, 2021) (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal citation omitted)). Agency conclusions must be stated in terms the Court can understand for the Court to conduct substantial evidence review.

*Lyaundra C. v. Frank Bisignano*
Civil No. 24-3659-DRM
February 24, 2026
Page 4

In *Thomas v. Berryhill*, the Fourth Circuit held that the ALJ's RFC assessment limiting the plaintiff to work that did not "require[e] a production rate or demand pace" frustrated judicial review because the ALJ did not provide the Court with "enough information to understand what those terms mean[t]." 916 F.3d 307, 312 (4th Cir. 2019), as amended (Feb. 22, 2019). The Fourth Circuit reasoned that, with "production rate" and "demand pace" undefined, it was "difficult, if not impossible, for [the Court] to assess whether their inclusion in *Thomas*'s RFC [wa]s supported by substantial evidence." *Id.* Without deciding whether the RFC itself was substantively correct, the court remanded for "a clearer window into" the ALJ's reasoning. *Thomas*, 916 F.3d at 312 n.5. The panel emphasized that, on remand, the ALJ must clarify how long and under what conditions the claimant could sustain focus and remain on task. *Id.* And although *Thomas* identified other grounds for remand, later Fourth Circuit decisions relied solely on the failure to define ambiguous RFC terms as sufficient justification for reversal. In *Trena Sue*, the court likened the use of the phrase "fast paced produced" to the terms in Thomas, both in "form and defect." *Trena Sue*, 2021 WL 4034264 at *4.

Here, like in *Trena Sue* and *Thomas*, the ALJ's use of the terms "fast-paced production requirements" and "fast-paced assembly line work or high-volume piecemeal quotas" does not provide sufficient information for the Court to discern the intended meaning of the limitation, making it effectively impossible for the Court to evaluate whether the decision is supported by substantial evidence. *See Trena Sue,* 2021 WL 4034264 at *4; *Thomas*, 916 F.3d at 311–12.

In *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548, at *5 (4th Cir. Jan. 7, 2025), the Fourth Circuit considered a formulation, "no fast paced production requirements such as assembly line work or piecemeal quotas," very similar to the one at issue here. The court found that while "assembly line work" and "piecemeal quotas" were "some examples" that the ALJ provided of "fast paced production requirements," "there remains uncertainty as to the intended scope of the limitation, and such uncertainty precludes meaningful review as to whether there is a logical bridge between the evidence in the record and the ALJ's conclusion." *Id* at *5 (citing *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019) (finding the ALJ failed to offer a definition for his RFC determination of "non-production oriented work setting" and that "[a]s a result, we remain uncertain as to what the ALJ intended . . . and cannot meaningfully assess whether there is a logical bridge between the evidence in the record and the ALJ's conclusion") (internal quotation marks omitted)).

Here, just as in *Linger*, the ALJ adopted a limitation to "no fast-paced production requirements such as fast-paced assembly line work or high-volume piecemeal quotas," but offered no clarification beyond these examples—which are themselves ambiguous since "fast-paced" and "high-volume" are purely relative terms. Tr. 24-25. Without such context, the Court cannot discern the intended scope of the limitation or meaningfully evaluate whether the VE's testimony reliably supports the ALJ's step-five finding, mirroring the deficiencies identified in *Thomas* and *Linger*.

The Commissioner argues that other limitations or descriptors in the RFC provide sufficient context for understanding "no fast-paced production requirements," correctly noting that in *Perry*

Lyaundra C. v. Frank Bisignano
Civil No. 24-3659-DRM
February 24, 2026
Page 5

*v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019), the Fourth Circuit drew a distinction between the result in *Thomas* (remanded) and that in *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirmed), pointing to the presence of similar descriptors in the latter case's RFC. *See also Ricky F. v. O'Malley*, No. 1:23CV720, 2024 WL 4333136, *5 (M.D.N.C. Sept. 27, 2024). ECF No. 13 at 8-9.

However, in the Fourth Circuit's subsequent decision in *Linger*, the court found that the ALJ failed to adequately define the RFC determination of "no fast paced production requirements" notwithstanding inclusion of the following mental limitations language:

> limited to simple, routine and repetitive 1 to 2 step tasks; requiring only simple decisions; with no fast paced production requirements such as assembly line work or piecemeal quotas; is capable of adapting to changes in the work environment, meaning a change in work responsibilities or work place, which are explained to the claimant ahead of time and implemented gradually over time; and can [have] occasional contact with coworkers, supervisors, and the general public.

*Linger*, 2025 WL 40548, at *4. That language is similar in kind to the mental limitations language in the present case:

> The claimant is capable of simple, routine, and repetitive tasks, in a low-stress job, defined as having only occasional decision making required, occasional changes in the work setting, and no fast-paced production requirements, such as fast-paced assembly line work or high-volume piecemeal quotas. The claimant is capable of no more than occasional interaction with the general public, co-workers, and supervisors.

Tr. 24-25.

As in *Linger*, even with this added context, the Court cannot discern the intended scope of the limitation or meaningfully evaluate whether the VE's testimony reliably supports the ALJ's step-five finding. Remand is therefore appropriate.

## V.   CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Lyaundra C. v. Frank Bisignano*
Civil No. 24-3659-DRM
February 24, 2026
Page 6

                                                Sincerely,

                                                       /s/

                                              Douglas R. Miller
                                              United States Magistrate Judge